GARY M. RESTAINO
United States Attorney
District of Arizona
NATHANIEL J. WALTERS
Assistant United States Attorney
State Bar No. 029708
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | CR-22-00596-JGZ-MAA |
| vs. | |
| Albert Rufino Espinoza, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

Now comes the United States of America, by and through its undersigned attorneys, and hereby submits the following sentencing memorandum about the defendant, Albert Rufino Espinoza ("Espinoza").

## I.    FACTUAL BACKGROUND

In March of 2022, special agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") received information that Espinoza's co-defendant, Luis Fernando Cruz-Valenzuela, had purchased firearms in the United States that were later recovered in the Republic of Mexico. (Doc. 129 at ¶¶ 16-17). As part of their investigation, ATF special agents began contacting Federal Firearms Licensee ("FFL") stores to ascertain if Espinoza had purchased any firearms. (Doc. 129 at ¶ 20). As part of the investigation, agents learned Espinoza purchased firearms on six occasions. (Doc. 129 at ¶ 15). Specifically, Espinoza purchased firearms on February 22, 2022, two times on February 25, 2022, March 14, 2022, March 23, 2022, and March 25, 2022. (Doc. 129 at ¶ 15). The total purchase price for all the firearms amounted to $3,426.08. (Doc. 129 at ¶ 15).

Agents interviewed Espinoza on April 6, 2022, and he admitted he purchased many firearms, sold them to a "guy" who kept putting off the bill of sale but paid him extra money. (Doc. 129 at ¶ 34). Later, Espinoza admitted he actually sold the firearms to three unknown men whom he met through his co-defendant, Guillermo Estrella. During the interview, Espinoza admitted he thought the firearms were destined for Mexico. (Doc. 129 at ¶ 34). After ATF agents showed Espinoza the ATF forms which he completed to purchase the firearms, Espinoza admitted he lied on the forms about being the actual transferee/buyer of the firearms. (Doc. 129 at ¶ 35). As noted in the Presentence Report ("PSR"), it appears Espinoza's involvement to have been limited to purchasing firearms. (Doc. 129 at ¶ 40).

On June 29, 2022, the United States obtained a superseding indictment charging Espinoza with six counts of making false statements in connection with the acquisition of firearms and one count of smuggling goods from the United States. (Doc. 129 at ¶ 5).

## II.    PROCEDURAL BACKGROUND

On January 12, 2023, Espinoza pleaded guilty to Count 40 of the Superseding Indictment, Smuggling Goods from the United States, in violation of 18 U.S.C. § 554(a). (Doc. 129 at ¶ 6). The United States has no objection to the PSR Guideline calculation of a total offense level of 23 and the calculation of a Criminal History Category I. (Doc. 129 at ¶¶ 45-54; 55-58). The Sentencing Guidelines call for a sentence of 46-57 months in prison. (Doc. 129 at 22). The plea agreement, in this case, calls for a sentence not to exceed 46 months in prison. (Doc. 129 at 22). At the time of sentencing, Espinoza will have served zero days in custody. The PSR recommends a sentence of 24 months in prison. (Doc. 129 at 22). The United States, having reviewed the findings and information contained in the PSR, concurs with the recommendation and recommends a sentence of 24 months in prison followed by three years of supervised release.

## III.    LAW & ARGUMENT

The goal of sentencing is to achieve a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."

- 2 -

18 U.S.C. § 3553(a). In doing so, the Court must account for various factors specific to the particular defendant and particular case. Accordingly, the framework for determining an appropriate sentence is outlined in § 3553(a). In particular, § 3553(a) requires that the Court ensure the sentence imposed properly considers, among other factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes of the defendant; (6) the needs to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to the victims of the offense.

In this case, a sentence of 24 months in prison appropriately reflects the severity of Espinoza's offenses. Espinoza's offenses in this case are very serious. Espinoza engaged in a course of unlawful conduct involving the purchasing and smuggling of firearms that he undoubtedly knew would end up in the hands of the Mexican cartels. The harm that Espinoza's offenses have caused – and is likely to continue to cause – is beyond measure. He repeatedly engaged in unlawful activity to put weapons in the hands of violent criminals for the purpose of personal financial gain, and his conduct directly furthers the rampant and severe violence in Mexico resulting in the threatening, injury, and death of countless individuals.

Espinoza's lack of prior criminal history is adequately reflected in his Criminal History Category I. However, as discussed, his unlawful conduct here was extensive and repetitive. Here, a significant sentence of imprisonment is necessary to reflect the severity of the offenses and the danger to the public caused by Espinoza's ongoing offenses.

Finally, the United States respectfully requests that this Court enter a Final Order of Forfeiture against Espinoza in the amount of $3,426.08, the value of the firearms involved in Espinoza's offense of conviction.

Based on the factors above and listed in the PSR, the United States' recommendation of 24 months in prison is "sufficient but not greater than necessary" to achieve the objectives of sentencing. 18 U.S.C. § 3553(a). The United States'

recommendation is a just punishment for the offense, promotes respect for the law, affords adequate deterrence to criminal conduct, and protects the public from Espinoza and his illegal actions. To ensure and provide adequate deterrence with regard to future criminal conduct, the United States recommends a term of three years of supervised release in this matter.

Sentencing is currently set for May 30, 2023.

Respectfully submitted this 24th day of May 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/ Nathaniel J. Walters

NATHANIEL J. WALTERS
Assistant United States Attorney

Copy of the foregoing served electronically or by other means this 24th day of May 2023, to:

All ECF Participants

- 4 -